IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOETTE PEROLI | ) | |
| 5637 Birchwood Drive | ) | |
| Chippewa Lake, OH  44215, | ) | |
| | ) | CASE NO. |
| | ) | |
| -and- | ) | |
| | ) | |
| JUSTIN PEROLI | ) | |
| 5637 Birchwood Drive | ) | JUDGE: |
| Chippewa Lake, OH 44215 | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| -vs.- | ) | |
| | ) | |
| GREGORY HUBER | ) | **COMPLAINT FOR DAMAGES,** |
| Director of Law | ) | |
| c/o City of Medina | ) | |
| 132 N. Elmwood Avenue | ) | |
| Medina, OH 44256, | ) | |
| | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TOM MILLER, | ) | |
| Sheriff, Medina County | ) | |
| c/o Medina County Sheriff's Department | ) | |
| 555 Independence Drive | ) | **JURY DEMAND ENDORSED HEREON** |
| Medina, OH 44256, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| LT. MATTHEW LINSCOTT | ) | |
| c/o Medina County Sheriff's Dept. | ) | |
| 555 Independence Drive | ) | |
| Medina, OH 44256, | ) | |
| | ) | |

-and-                                                    )
                                                        )
SGT. JAMES KIOUSIS                                       )
c/o Medina County Sheriff's Dept.                       )
555 Independence Drive                                   )
Medina, OH 44256,                                        )
                                                        )
-and-                                                    )
                                                        )
DEPUTY BENJAMIN TAYLOR                                   )
c/o Medina County Sheriff's Dept.                       )
555 Independence Drive                                   )
Medina, OH  44256,                                       )
                                                        )
-and-                                                    )
                                                        )
DEPUTY MICHAEL NORRIS                                    )
Deputy, Medina County Sheriff's Dept.                   )
555 Independence Drive                                   )
Medina, OH 44256,                                        )
                                                        )
                                                        )
-and-                                                    )
                                                        )
COUNTY OF MEDINA, OHIO                                   )
144 North Broadway Street                                )
Medina, OH 44256,                                        )
                                                        )
                                                        )
-and-                                                    )
                                                        )
JOHN / JANE DOE 1-5                                      )
c/o Medina County Sheriff's Dept.                       )
555 Independence Drive                                   )
Medina, OH 44256,                                        )
                                                        )
                    Defendants.                          )

## PRELIMINARY STATEMENT

This is a civil rights action to redress the unconstitutional actions of Defendants for depriving Plaintiff JOETTE PEROLI of her 4th Amendment right to be secure in her person and home and free from unreasonable search and seizure at the hand of the City of Medina, the Medina City Prosecutor, the Medina County Sherriff's Department deputies. This suit seeks redress for being maliciously arrested and prosecuted for exercising her 1st Amendment right to file a citizen complaint against the Sheriff's Department. This action also seeks to hold Medina County and the Medina County Sheriff's Department accountable for its failure to properly develop and implement policy, and to train its officers, concerning the arrest of mentally and emotionally disturbed /impaired individuals under Monell and Title II of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon 28 U.S.C. 1343(3) and (4) providing for the original jurisdiction of this Court in any civil action authorized by law to redress the deprivation, under color of any law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States, or any Act of Congress, providing for the civil, or equal rights, of citizens within the jurisdiction of the United States.

2. 42 U.S.C. 1983 and 42 U.S.C. 12132, et. seq., and each of them, is an Act of Congress providing for the protection of the civil rights of persons within the United States.

3. Jurisdiction also is founded on 28 U.S.C. §1331.

4. This Court has jurisdiction over Plaintiff JOETTE PEROLI'S state law claims and over Plaintiff JUSTIN PEROLI's claim for loss of consortium based on 28 U.S.C. 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

6. All parties are within the jurisdiction of this Court. All conduct and acts relating hereto occurred within the jurisdiction of the Court.

## PARTIES

7. Plaintiff JOETTE PEROLI is, and at all times relevant herein has been, a citizen of the United States and a resident of Medina County, State of Ohio.

8. Plaintiff JUSTIN PEROLI is, and at all times relevant herein has been, a citizen of the United States and a resident of Medina County, State of Ohio.

9. Plaintiffs JOETTE PEROLI and JUSTIN PEROLI are, and at all times relevant herein have been, husband and wife.

10. Defendant GREGORY HUBER is, and at times relevant herein, has been employed by the City of Medina as an attorney, and in that capacity is responsible for facilitating and authorizing the violation of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, malicious prosecution and abuse of process through the intentional, wanton, willful and unconstitutional enforcement of Ohio Revised Code 2921.15(B). He is sued in his official and his individual capacity.

11. Defendant TOM MILLER is, and at all times relevant herein has been, the Medina County Sheriff and is the chief executive officer of the Medina County Sheriff's Department who is responsible for the promulgation and enforcement of Departmental policy. He is sued in his official capacity as Sheriff and in his individual capacity.

12. Defendant MATTHEW LINSCOTT is, and at all times relevant herein has been, employed by COUNTY OF MEDINA, OHIO and assigned to the Medina County Sheriff's Department as a Lieutenant and in his official capacity he supervises the Courthouse Services Unit and he personally participated and authorized the events alleged herein. He

is responsible for facilitating and authorizing the violation of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, malicious prosecution, abuse of process and violations of 42 U.S.C. §12132.  He is sued in his official capacity as a Deputy Sheriff and in his individual capacity.

13. Defendant JAMES KIOUSIS is, and at all times relevant herein has been, employed by COUNTY OF MEDINA, OHIO and assigned to the Medina County Sheriff's Department as a Sergeant in the Courthouse Services Unit and he personally initiated and participated in the events alleged herein. He is responsible for facilitating and authorizing the violation of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, abuse of process and violations of 42 U.S.C. §1983 and §12132.  He is sued in his official capacity and in his individual capacity.

14. Defendant BENJAMIN TAYLOR is, and at all times relevant herein has been, employed by COUNTY OF MEDINA, OHIO and assigned to the Medina County Sheriff's Department as a deputy sheriff and personally participated in the events alleged herein. He is responsible for violating of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, malicious prosecution, abuse of process and violations of 42 U.S.C. §1983 and §12132.   He is sued in his official capacity and in his individual capacity.

15. Defendant MICHAEL NORRIS is, and at all times relevant herein has been, employed by COUNTY OF MEDINA, OHIO and assigned to the Medina County Sheriff's Department as a deputy sheriff and he personally participated in the events alleged herein.  He is responsible for violating JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest,  malicious prosecution, abuse of process

and violations of 42 U.S.C. §1983 and §12132. He is sued in his official and in his individual capacity.

16. Defendants JOHN / JANE DOE is, and at all times relevant herein has been, employed by COUNTY OF MEDINA, OHIO and assigned to the Medina County Sheriff's Department and/or personally participated in the events alleged herein. They are responsible for facilitating and authorizing the violation of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, malicious prosecution, abuse of process and violations of 42 U.S.C. §1983 and §12132. Defendants JOHN / JANE DOE are sued in their official and individual capacities.

17. Defendant COUNTY OF MEDINA, OHIO is, and all times relevant herein has been, a governmental entity incorporated under the laws of the State of Ohio and is responsible for the adoption, implementation and maintenance of its official and unofficial customs, policies, practices and procedures of the Medina County Sheriff's Department and for the hiring, training, supervision and discipline of the employees of the Medina County Sheriff's Department, including, but not limited to, TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS, BENJAMIN TAYLOR, MICHAEL NORRIS and JOHN / JANE DOE. COUNTY OF MEDINA, OHIO is responsible for facilitating and authorizing the violation of JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful search and seizure, false arrest, malicious prosecution, abuse of process and violations of 42 U.S.C. §1983 and §12132.

18. COUNTY OF MEDINA, OHIO is, and at all times relevant herein has been, a "public entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12131, et. seq.;

19. MEDINA COUNTY SHERIFF'S DEPARTMENT, OHIO is, and at all times relevant herein has been, a "public entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12131, et. seq.

20. CITY OF MEDINA, OHIO is, and all times relevant herein has been, a governmental entity incorporated under the laws of the State of Ohio and is responsible for the adoption, implementation and maintenance of its official and unofficial customs, policies, practices and procedures of its Department of Law and for the hiring, training, supervision and discipline of the employees of its Department of Law, including, but not limited to GREGORY HUBER.  CITY OF MEDINA, OHIO is responsible for violating JOETTE PEROLI'S 4th Amendment Constitutional Right to be free from unlawful and unreasonable search and seizure, false arrest, abuse of process and violations of 42 U.S.C. §1983 and §12132.

21. CITY OF MEDINA is, and at all times relevant herein has been, a "public entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12131, et. seq.

22. At all times relevant herein the COUNTY OF MEDINA, OHIO, TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS, BENJAMIN TAYLOR and MICHAEL NORRIS, JOHN / JANE DOE, the CITY OF MEDINA and GREGORY HUBER, and each of them, had the sworn duty and responsibility to protect the rights of citizens as guaranteed by the Constitutions and laws of the United States and the State of Ohio.

23. GREGORY HUBER, at all times relevant hereto, was an attorney at law licensed to practice in the State of Ohio and employed by the City of Medina as an attorney. He had a sworn duty and responsibility to protect the rights of citizens as guaranteed by the Constitutions and laws of the United States and the State of Ohio.

24. At all times relevant herein and in all actions described herein  TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS, BENJAMIN TAYLOR, MICHAEL NORRIS and JOHN / JANE DOE, and each of them, acted under the color of law, including the customs, usages, policies, practices and procedures established by Defendant COUNTY OF MEDINA, OHIO and the MEDINA COUNTY SHERIFF'S DEPARTMENT and the individual Defendants, and each of them, to violate Plaintiff's constitutional, federal and state rights;

25. At all times relevant herein and in all actions described herein GREGORY HUBER acted under the color of law, including the customs, usages, policies, practices and procedures established by CITY OF MEDINA, OHIO to violate Plaintiff's constitutional, federal and state rights.  His conduct violates well established constitutional and statutory law and shocks the conscience with the depth and breadth of its unjust, willful, wanton and malicious intent.

26. At all times relevant herein, GREGORY HUBER acted in concert and conspiracy with the officers of the MEDINA COUNTY SHERIFF'S DEPARTMENT to retaliate and punish JOETTE PEROLI for exercising her constitutionally protected right to file a civilian complaint objecting to the unprofessional conduct of the MEDINA COUNTY SHERIFF'S DEPARTMENT.

27. At all times relevant herein and in all actions described herein TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS, BENJAMIN TAYLOR and MICHAEL NORRIS, JOHN / JANE DOE, and each of them, the COUNTY OF MEDINA, GREGORY HUBER and the CITY OF MEDINA acted in concert under the color of law to violate JOETTE PEROLI's Constitutionally protected federal and state rights.

28. At all times relevant herein, and in regard to all actions alleged herein, TOM  MILLER, MATTHEW LINSCOTT, JAMES KIOSIS, BENJAMIN TAYLOR, MICHAEL NORRIS and JOHN / JANE DOE, and each of them, acted in concert and conspiracy with each other and with third persons and are liable for the wrongful and unconstitutional actions of each other and of said third persons.

29. At all times relevant herein and in regard to all actions alleged herein, GREGORY HUBER and JAMES KIOSIS, and each of them, acted in concert and conspiracy with each other and with third persons to violate JOETTE PEROLI'S constitutionally guaranteed right to be free from unlawful search and seizure as well as her rights under federal and state law. GREGORY HUBER and JAMES KIOSIS are liable for the wrongful, wanton, willful, malicious and unconstitutional actions of each other and of said third persons.


**FACTS**

30. JOETTE and JUSTIN PEROLI were lawfully married on September 1, 2001.

31. On or about August 23, 2003 JOETTE PEROLI graduated, cum laude, from the University of Akron, Akron, Ohio with a Bachelor of Arts & Sciences degree in Political Science and Criminal Justice.

32. On or about the year 2005, JOETTE PEROLI was diagnosed with Post Traumatic Stress Disorder (PTSD) by Dr.  Myung Kwak, a Psychiatrist who was at all times relevant hereto duly licensed by, and in good standing with the Ohio State Medical Board. Since 2005, JOETTE PEROLI regularly treated her PTSD under the care of Dr. Kwak;

33. On or about August 16, 2010, JOETTE PEROLLI commenced law school at Cleveland Marshall College of Law.

34.  She attended Cleveland Marshall College of Law in the fall semester of 2010, during which time she discovered she was pregnant with her youngest child.

35. She then took leave from Cleveland Marshall College of Law for the Spring2011 semester and the fall 2011 semester. She resumed her coursework at Cleveland Marshall College of Law during the spring 2012semester.JOETTE PEROLI matriculated at Cleveland Marshall College of Law through the summer term 2017.

36. At all times JOETTE PEROLI was a student at Cleveland Marshall College of Law, she received accommodations necessitated by her diagnosed disability, namely PTSD. These accommodations included separate, secluded testing areas, as well as additional time to complete exams to accommodate the symptoms of PTSD.

37. On or about May 20, 2017, JOETTE PEROLI participated in the graduation exercises of Cleveland Marshall College of Law.

38.  She was in the process of finishing her final credits during the summer of 2017, and was expected to finish all of her coursework by August 31, 2017.

39. On June 15, 2017 JOETTE PEROLI was involved in an altercation with Medina County Sheriff's Department Deputies in the Medina County Courthouse while waiting to testify in a Domestic Relations hearing.

40. On June 15, 2017 JOETTE PEROLI observed a verbal altercation between an attorney and an elderly witness in the waiting room of the Domestic Relations Division of the Medina County Court of Common Pleas. When she attempted to assist the elderly woman, she was confronted by the agitated attorney. As a result of the commotion in the hallway, the court's administrator threatened to throw everyone out of the court waiting room.

41. The court administrator then demanded that JOETTE immediately leave the waiting area and instructed a deputy sheriff to escort her from the court house. The deputy physically grabbed JOETTE PEROLI's arm and began pulling her out of the waiting room. She immediately informed the deputy that she had PTSD and that his touching her in any manner would cause an aggravation of her condition. Furthermore, she instructed the deputy to accommodate her disability by refraining from making any unnecessary physical contact as it was unnecessary as she was in complete compliance with the Administrator's directive to leave the Court house.

42. The deputy ignored JOETTE PEROLI's request for the deputy to cease touching her and he then placed his hand on the middle of her back to direct her out of court house.

43. The deputy's physical handling of JOETTE PEROLI caused her great distress and discomfort.

44. As JOETTE PEROLI was being physically escorted from the court house, she called a friend, Lafayette Township trustee Lynda Bowers, to seek her advice. She hoped this would alleviate her stress from the Courthouse altercation.

45. The deputy threatened to handcuff JOETTE for making the phone call.

46. The deputy continued to maintain physical control of JOETTE PEROLI while escorting her to the courthouse exit.

47. As a result of her treatment by the deputy in the courthouse, JOETTE PEROLI filed a citizen complaint with the Medina County Sherriff's Department.  Her citizen complaint expressly identified her PTSD condition and the Deputy's indifference to her PTSD condition.  Exhibit 1.

48. JOETTE PEROLI'S citizen complaint is protected speech under the Constitutions and laws of the United States and the State of Ohio.

49. As a result of JOETTE PEROLI's citizen complaint, the Medina County Sheriff's Department officers involved and/or aware of the incident prepared and submitted official reports concerning the courthouse incident.

50. On or about June 27, 2017 JOETTE PEROLI'S citizen complaint was dismissed as unfounded by the Medina County Sheriff's Department.

51. On or about June 27, 2017 JOHN / JANE DOE instructed Sgt. KIOUSIS to forward all reports relating to JOETTE PEROLI to the Medina City Prosecutor GREGORY HUBER to prosecute her under O.R.C. §2921.15.

52. On or about June 27, 2017 Sgt. KIOUSIS, who was, unknown to JOETTE PEROLI, involved in and implicated by JOETTE PEROLI's citizen complaint, forwarded the incident reports and citizen complaint at the direction of JOHN / JANE DOE to the office of the Medina City Prosecutor Defendant GREGORY HUBER.

53. On August 15, 2017 Medina City Prosecutor Defendant GREGORY HUBER advised SGT. KIOUSIS that he was "authorized" to file a criminal complaint and affidavit under Ohio Revised Code §2921.15(B) against JOETTE PEROLI as a result of his review of the incident reports, citizen complaint and materials submitted to him by SGT. KIOUSIS.

54. Violation of O.R.C. §2921.15 is a first-degree misdemeanor.

55. JOETTE PEROLI was never violent, confrontational, abusive or threatening to MEDINA COUNTY SHERRIFF DEPARTMENT personnel.

56. GREGORY HUBER failed to research O.R.C. §2921.15 prior to advising SGT. KIOUSIS that he was free to file charges against JOETTE PEROLI under O.R.C. §2921.15. His conduct lacks explanation and shocks the conscience.

57. GREGORY HUBER intentionally provided grossly incompetent legal advice to SGT. KIOUSIS concerning the application of O.R.C. §2921.15 to JOETTE PEROLI'S conduct in filing a civilian complaint with the Defendant MEDINA COUNTY SHERIFF'S DEPARTMENT.

58. GREGORY HUBER's legal advice to Sgt. KIOUSIS intentionally ignored and/or disregarded the binding precedent of the Ohio Ninth District Court of Appeals set forth in the case of *City of Akron v. Robert Davenport*, C.A. No. 21552, 04-LW-0370 February 4, 2004 holding that O.R.C. 2921.15 does not permit the prosecution of a citizen for filing a citizen complaint with a law enforcement agency alleging improper officer conduct. Exhibit 2.

59. GREGORY HUBER also intentionally ignored persuasive precedent set forth in numerous other Ohio court decisions holding that O.R.C. §2921.15 did not authorize the prosecution of persons filing citizen complaints with law enforcement agencies alleging improper conduct.

60. On or about August 15, 2017, Sgt. KIOUSIS prepared, executed and filed a false criminal complaint and false affidavit with the Clerk of Courts, Medina Municipal Court alleging that Plaintiff JOETTE PEROLI violated O.R.C. §2921.15. Exhibit 3.

61. Sgt. KIOUSIS' false complaint and affidavit was motivated by and/or based upon by a retaliatory motive to respond to the civilian complaint filed by JOETTE PEROLI.

62. At all times relevant hereto, Sgt. KIOUSIS acted in concert and conspiracy with MEDINA COUNTY SHERIFF DEPARTMENT personnel and with GREGORY HUBER in filing a false criminal complaint and affidavit with the Clerk of Courts, Medina Municipal Court alleging that Plaintiff JOETTE PEROLI violated O.R.C. §2921.15.

63. At all times relevant hereto, Sgt. KIOUSIS, the MEDINA COUNTY SHERRIFF DEPARTMENT and GREGORY HUBER were aware of JOETTE PEROLI's psychiatric, mental and emotional disability.

64. In 2016 the MEDINA COUNTY SHERIFF'S DEPARTMENT responded to a distress call at Plaintiff's residence wherein her husband was concerned that JOETTE PEROLI might be a suicide risk due to her PTSD, mental and emotional condition.

65. Upon information and belief, Sgt. KIOUSIS' false criminal complaint and affidavit was reviewed and approved by his superior officers JOHN / JANE DOE prior to filing.

66. Upon information and belief, Sgt. KIOUSIS false criminal complaint and affidavit was filed in retaliation for JOETTE PEROLI filing a civilian complaint.

67. On or about August 15, 2017, the Clerk of the Medina Municipal Court initiated a criminal prosecution of JOETTE PEROLI for violation of O.R.C. §2921.15 based upon the false affidavit and complaint of KIOUSIS.

68. On or about August 15, 2017 the Clerk of Courts issued an arrest warrant for JOETTE PEROLI to Defendants Sgt. KIOUSIS and the Medina County Sheriff's Department.

69. The process issued by the Clerk of Courts of the Medina Municipal Court expressly authorized service of the summons in lieu of arrest.

70. Upon information and belief, the process issued by the Clerk of Courts of the Medina Municipal Court was provided exclusively to SGT. KIOUSIS and the MEDINA COUNTY SHERRIFFS DEPARTMENT for execution.

71. At all times relevant hereto, the MEDINA COUNTY SHERRIFFS DEPARTMENT was aware that service in lieu of arrest was authorized by the arrest warrant.

72. At all times relevant hereto, the MEDINA COUNTY SHERFIFF'S DEPARTMENT was aware of JOETTE PEROLI'S psychiatric and emotional disability.

73. At all times relevant hereto, the MEDINA COUNTY SHERIFF'S DEPARTMENT did not have a formal policy, practice or custom to provide reasonable accommodations to mentally or emotionally disabled persons subject to arrest.

74. At all times relevant hereto Defendants ignored and/or disregarded JOETTE PEROLI's mental and emotional disability.

75. On August 17, 2017, the MEDINA COUNTY SHERRIFFS DEPARTMENT ordered DEPUTIES TAYLOR and NORRIS to physically arrest JOETTE PEROLLI in retaliation for her filing a civilian complaint.

76. On August 17, 2017, DEPUTY BENJAMIN TAYLOR and DEPUTY MICHAEL NORRIS, arrested Plaintiff in her home in retaliation for her filing a civilian complaint.

77. At all times relevant hereto, the MEDINA COUNTY SHERRIFFS DEPARTMENT and its Deputies intentionally refused to provide JOETTE PEROLI the reasonable accommodation of the authorized service of process in lieu of arrest.

78. As a result of her physical arrest and detention, JOETTE PEROLI suffered severe and chronic exacerbation of PTSD disability.

79. After being informed she was being placed under arrest for a non-violent misdemeanor that occurred over two (2) months prior, JOETTE PEROLI pleaded with DEPUTIES TAYLOR and NORRIS to provide her medical assistance including but not limited to her necessary psychiatric medication.

80. DEPUTIES TAYLOR and NORRIS intentionally refused to provide JOETTE PEROLI with medical assistance or her necessary psychiatric medication.

81. DEPUTIES TAYLOR and NORRIS intentionally refused to call for medical assistance until JOETTE PEROLLI became physically incapacitated by the exacerbation of her PTSD condition.

82. DEPUTIES TAYLOR and NORRIS intentionally refused to loosen or remove the handcuffs on JOETTE PEROLI despite her acute physical distress and her requests.

83. DEPUTIES TAYLOR and NORRIS intentionally ignored JOETTE PEROLI'S physical distress, her difficulty breathing and her seizure-like symptoms, causing wounds to her wrists as a result of too tight handcuffs.

84. Only after JOETTE PEROLI became physically incapacitated by the exacerbation of her PTSD condition, did DEPUTY TAYLOR and NORRIS call the Lafayette Township Fire Department medical unit for medical assistance.

85. DEPUTIES TAYLOR and NORRIS initially refused to remove the handcuffs from Plaintiff JOETTE PEROLI when requested by emergency medical personnel, despite her incapacitated condition.

86. JOETTE PEROLI was transported by the Lafayette Township Fire Department ambulance to the Medina Hospital emergency department, for medical treatment.

87. The MEDINA COUNTY SHERIFF'S DEPARTMENT personnel thereafter abandoned their efforts to arrest JOETTE PEROLI. MEDINA COUNTY SHERIFF'S DEPARTMENT served Plaintiff a summons in lieu of arrest while she was incapacitated in the Medina Hospital emergency department.

88. The summons in lieu of arrest was left on JOETTE PEROLI's bed in the emergency room of Medina Hospital.

89. Upon information and belief, Deputies NORRIS and TAYLOR first provided Medina Hospital with JOETTE PEROLI's psychiatric medications, seized at her home, as they departed the hospital.

90. Upon information and belief, Deputies NORRIS and TAYLOR were in possession of JOETTE PEROLI'S psychiatric medication during her arrest and during her treatment in the Medina Hospital emergency department.

91. Upon information and belief, Deputies NORRIS and TAYLOR never revealed to medical providers that they were in possession of JOETTE PEROLI'S medication, nor did the Deputies NORRIS and TAYLOR provide JOETTE' PEROLI'S medication to medical professionals until they departed from the hospital.

92. Deputies from the MEDINA COUNTY SHERIFF'S DEPARTMENT withheld crucial medication and information from medical personnel attempting to treat Plaintiff, interfering with treatment and prolonging Plaintiff's physical and mental suffering, all in retaliation for JOETTE PEROLI filing a citizen complaint.

93. JOETTE PEROLI was discharged from Medina Hospital the evening of August 17, 2017 into the care of her husband, JUSTIN PEROLI.

94. JOETTE PEROLI's PTSD was chronically exacerbated by each and all Defendants, causing extreme and severe loss of functioning for months after her arrest.

95. As result of the chronic exacerbation of JOETTE PEROLI's known PTSD disability, she is unable to complete her law school curriculum, to work or to function in her normal daily and family life.

96. All criminal charges authorized and prosecuted by the CITY OF MEDINA and GREGORY HUBER and initiated by the MEDINA COUNTY SHERIFF DEPARTMENT Defendants were dismissed by the Medina Municipal Court with prejudice prior to trial on the grounds that JOETTE PEROLI'S conduct in filing a citizen complaint did not constitute criminal conduct under O.R.C. §2921.15.

97. The Medina Municipal Court dismissed the false criminal complaint and affidavit filed by SGT. JAMES KIOUSIS and THE MEDINA COUNTY SHERIFFS DEPARTMENT for lack of probable cause. Exhibit 4.

98. The Medina Municipal Court expressly found that the affidavit executed by SGT. JAMES KIOUSIS was false because it failed to allege, identify or assert any criminal conduct by JOETTE PEROLI under O.R.C. §2921.15.

99. As a result of the chronic exacerbation of JOETTE PEROLI's known PTSD disability she has been time barred from completing her legal studies.

100.    JOETTE PEROLI is still unable to leave her home by herself with any regularity.

101.    JOETTE PEROLI continues to treat the chronic exacerbation of her PTSD caused by each and all Defendants with psychiatric care professionals or other medical professionals.

102.     JOETTE PEROLI has not been able to properly function academically, privately, or socially since she was arrested.


**FIRST CAUSE OF ACTION**
**VIOLATION OF JOETTE PEROLI'S FOURTH**
**AMENDMENT RIGHT TO BE FREE OF UNREASONABLE**
**SEARCH AND SEIZURE – CITY OF MEDINA AND GREGORY HUBER**

103.     JOETTE PEROLI re-alleges and incorporates by reference herein the allegations contained in paragraphs 1- 102.

104.     The failure of CITY OF MEDINA and HUBER to follow the binding precedent set forth by the 9th District Court of Appeals in *City of Akron v. v. Robert Downey* was deliberate and intentional and violated JOETTE PEROLI"s 4th Amendment right to be secure in her home and person, and free from unreasonable search and seizure.

105.     On or about August 15, 2017, KIOUSIS intentionally prepared, executed and filed a false criminal complaint and affidavit, based on the authorization of the CITY OF MEDINA and HUBER, with the Clerk of Courts, Medina Municipal Court falsely alleging that JOETTE PEROLI violated O.R.C. §2921.15.

106.     KIOUSIS' criminal complaint and affidavit was filed in retaliation for JOETTE PEROLI's citizen complaint.

*107.*     The legal advice that GREGORY HUBER offered to the Sherriff's Department was on its face erroneous as the "Citizens Complaint Form" clearly did not meet the definition of a "filing or a "complaint" under O.R.C. §2921.15 and the 9th District Court of Appeals holding in  *Akron v. Davenport.*

108.     The most basic duty of any attorney with a modicum of competence is to verify the statute is applicable to the set of facts before him. An attorney is professionally and

ethically required to make sure that his advice is consistent with the current state of the law.

109.    The failure of HUBER to follow the law set forth in *Akron v. Davenport* is an egregious breach of the most basic of professional duties and obligations.

110.    HUBER knew or should have known that O.R.C. §2921.15 did not provide basis to charge JOETTE PEROLI for filing a civilian complaint.

111.    HUBER'S conduct in authorizing the criminal complaint is the result of an intentional, willful, wanton and/or malicious act.

112.    The failure of HUBER to seek and follow the law set forth by the 9th District Court of Appeals in *City of Akron v. Davenport* shocks the conscience.

113.    The City of Medina and HUBER actively prosecuted JOETTE PEROLI based upon the warrant secured by the false criminal complaint and affidavit of KIOUSIS.

114.    At all times relevant hereto, HUBER acted in concert and conspiracy with the MEDINA COUNTY SHERIFFS DEPARTMENT and its officers to falsely arrest and maliciously prosecute JOETTE PEROLI.

115.    CITY OF MEDINA failed in its duty to properly train, monitor and supervise HUBER.

116.    But for HUBER's malicious, intentional conduct and/or CITY OF MEDINA'S failure in its duty to properly train, monitor and supervise HUBER, the cascade of horrific experiences events that befell Plaintiffs and the violation of their Constitutional, federal and state law rights would not have occurred.

117.    The actions of CITY OF MEDINA and HUBER, and each of them, were deliberate intentional violations of 42 U.S.C. 1983 and the clearly established Constitutional Rights

of the Plaintiffs, as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

118.     As a result of the conduct of CITY OF MEDINA and  HUBER, JOETTE PEROLI suffered a chronic exacerbation of the PTSD and her mental and emotional well-being.

119.     The conduct of CITY OF MEDINA and HUBER directly and proximately caused physical, emotional and economic injury to Plaintiffs.

120.     The actions of HUBER and the CITY OF MEDINA violated the Plaintiffs' right to be secure in their persons, their home and free from unreasonable search and seizure.

121.     The actions of HUBER and CITY OF MEDINA directly and proximately injured Plaintiffs and directly and proximately caused a chronic exacerbation of JOETTE PEROLI's known mental, emotional and PTSD disability.

122.     As a result of the unconstitutional conduct of HUBER and CITY OF MEDINA, JOETTE PEROLI has been time barred from completing her legal studies and has suffered the economic loss and mental anguish arising therefrom.

123.     JOETTE PEROLI is still unable to leave her home by herself with any regularity.

124.     JOETTE PEROLI continues to treat the chronic exacerbation of her PTSD caused by these Defendants with mental health professionals and other duly licensed and/or accredited medical/mental health providers in the State of Ohio.

125.      As a result of the above JOETTE PEROLI has not been able to properly function academically, privately, or socially since she was arrested.


**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY THE
MEDINA COUNTY SHERIFFS DEPARTMENT**

**FALSE ARREST - EXCESSIVE FORCE - RETALIATION**

126.      JOETTE PEROLI realleges and incorporates by reference herein the allegations

contained in paragraphs 1-125.

127.      The actions of TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS,

BENJAMIN TAYLOR, MICHAEL NORRIS, JOHN / JANE DOE, the MEDINA

COUNTY SHERIFFS DEPARTMENT and the COUNTY OF MEDINA, OHIO, and

each of them, were deliberate and intentional violations of 42 U.S.C. 1983 and the clearly

established Constitutional Rights of JOETTE PEROLI as guaranteed by the Fourth and

Fourteenth Amendments to the United States Constitution.

128.      The decision of the MEDINA COUNTY SHERIFF'S DEPARTMENT and its

employees to falsely arrest and physically seize JOETTE PEROLI for a non-violent non-

criminal conduct that occurred two months prior, knowing she suffered from a mental

and emotional disorder, was unlawful, unreasonable, unnecessary, retaliatory and

excessive and violated her Constitutional Right to be secure in her person, her home and

free from unreasonable search and seizure.

129.      The decision of the MEDINA COUNTY SHERIFF'S DEPARTMENT and its

employees to falsely arrest and physically seize and arrest JOETTE PEROLI for a non-

violent non-criminal conduct that occurred two months prior, knowing she suffered from

a mental and emotional disorder, was retaliatory and excessive and violated her

Constitutional Right to be secure in her person, her home and free from unreasonable

search and seizure.

130.      MEDINA COUNTY SHERIFF DEPUTIES NORRIS and TAYLOR intentional

refusal to provide medical assistance, as requested by JOETTE PEROLI at her home, was

unreasonable, excessive and violated her Constitutional Right to be secure in her person and home and free from unreasonable search and seizure.

131.     MEDINA COUNTY SHERIFF DEPUTIES NORRIS and TAYLOR refusal to loosen JOETTE PEROLI'S handcuffs, as requested, was unreasonable, excessive and violated her Constitutional Right to be secure in her person and home and free from unreasonable search and seizure.


132.     MEDINA COUNTY SHERIFF'S DEPARTMENT Deputies' withholding of JOETTE PEROLI's medicine and medical information was unreasonable, excessive and violated her Constitutional Right to be secure in her person and home and free from unreasonable search and seizure.

133.     The actions of the MEDINA COUNTY SHERIFF'S DEPARMENT and the action of its employees were not objectively reasonable, viewed in light of the facts and circumstances confronting them without regard to any underlying intent or motivation.

134.     The MEDINA COUNTY SHERIFF'S DEPARTMENT conduct in falsely arresting JOETTE PEROLI went beyond what was is necessary to secure both their own safety and the safety of the general public.

135.     At all times relevant hereto, GREGORY HUBER encouraged the conduct of the MEDINA COUNTY SHERRIFFS DEPARTMENT and its deputies.

136.     The MEDINA COUNTY SHERIFF'S DEPARTMENT conduct in falsely arresting JOETTE PEROLI directly and proximately caused a chronic exacerbation of JOETTE PEROLI'S PTSD and her mental and emotional disability.

137.     The actions of these MEDINA COUNTY SHERIFF DEPARTMENT Defendants,

and each of them, were deliberate and/or intentional violations of 42 U.S.C. 1983 and the clearly established constitutional rights of Plaintiffs as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

138.     The actions of these MEDINA COUNTY SHERIFF DEPARTMENT Defendants was in retaliation for JOETTE PEROLI's citizen complaint.

139.     As a result of the conduct of these MEDINA COUNTY SHERIFF DEPARTMENT Defendants JOETTE PEROLI suffered a chronic exacerbation of the PTSD and her mental and emotional well-being.

140.     The conduct of these MEDINA SHERIFF DEPARTMENT Defendants, and each of them, jointly and severally, directly and proximately caused injury to Plaintiffs.

141.     The actions of these MEDINA SHERIFF DEPARTMENT Defendants violated Plaintiffs right to be secure in the persons, their home and free from unreasonable search, seizure, false arrest and malicious prosecution.

142.     The actions of these MEDINA SHERIFFS DEPARTMENT Defendants directly injured Plaintiffs and directly and proximately caused a chronic exacerbation of JOETTE PEROLI's known mental, emotional and PTSD disability.

143.     As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI has been time barred from completing her legal studies and has suffered physical, emotional and economic injury as a result.

144.     JOETTE PEROLI remains unable to leave her home by herself with any regularity.

145.     JOETTE PEROLI continues to treat the chronic exacerbation of her PTSD caused by these Defendants with duly licensed and accredited mental health and medical professionals.

146.     JOETTE PEROLI remains unable to properly function academically, privately, or socially since she was arrested.

**THIRD CAUSE OF ACTION**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS**
**MONELL – FAILURE TO PROPERLY TRAIN AND/0R DEVELOP**
**POLICIES AND/OR PRACTICES AND/OR PROCEDURES PERTAINING TO**
**THE ARREST AND/OR DENTION OF MENTALLY AND/OR EMOTIONALLY**
**DISTRUBED PERSONS**

147.     JOETTE PEROLI realleges and incorporates by reference herein the allegations contained in paragraphs 1-146.

148.     The MEDINA COUNTY SHERIFF DEPARTMENT and THE COUNTY OF MEDINA have no written policy, as required by Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 et sec., concerning the means, manner and/or methods to be used and/or implemented during the arrest and/or detention of mentally and/or emotionally disturbed persons.

149.     The MEDINA COUNTY SHERIFF DEPARTMENT and THE COUNTY OF MEDINA have not trained their personnel concerning the means, manner and/or methods to be used and/or implemented during the arrest and/or detention of mentally and/or emotionally disturbed persons as required by Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 et sec

150.     The failure of the MEDINA COUNTY SHERIFF DEPARTMENT AND THE COUNTY OF MEDINA to develop and/or implement policy and to train their personnel in the means, manner and methods to be used during the arrest and/or detention of mentally and/or emotionally disturbed persons as required by Title II of the Americans

with Disabilities Act, 42 U.S.C. §12132 et sec., directly and proximately injured Plaintiffs.

151.     The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that their failure to develop, and/or implement policy and train their personnel would cause mentally and/or emotionally disturbed persons like JOETTE PEROLI to suffer greater harm, indignity and injury during arrest.

152.     The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that their failure to develop and implement policy relating to the arrest of mentally and/or emotionally disabled persons violated  42 U.S.C.A. § 12132.

153.     JOETTE PEROLI'S mental and/or emotional disability, to wit: PTSD, was chronically aggravated by the failure of the MEDINA COUNTY SHERIFF DEPARTMENT to develop, adopt and implement policies that require reasonable accommodations be provided to mentally and/or emotionally disturbed person like Joette Peroli.

154.     As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI has been time barred from completing her legal studies and has suffered economic loss and emotional anguish resulting therefrom.

155.     As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI is still unable to leave her home by herself with any regularity.

156.     As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI continues to treat the chronic exacerbation of her PTSD caused by these Defendants with duly licensed and accredited mental health and medical other medical professionals.

157.     As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI

has not been able to properly function academically, privately, or socially since she was

arrested.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF TITLE II OF THE ADA BY THE MEDINA COUNTY SHERIFFS**
**DEPARTMENT -- WRONGFUL ARREST AND/OR FAILURE TO PROVIDE**
**REASONABLE ACCOMODATION DURING THE ARREST OF JOETTE PEROLI**

158.     JOETTE PEROLI realleges and incorporates by reference herein the allegations

contained in paragraphs 1-157.

159.     At times relevant hereto, the MEDINA COUNTY SHERIFF'S DEPARTMENT

and its responsible officers knew, or should have known, of JOETTE PEROLI's PTSD, a

recognized mental and emotional disability under the ADA.

160.     At all times relevant hereto, JOETTE PEROLI was entitled to receive all available

and reasonable accommodations during her false, unconstitutional arrest by THE

MEDINA COUNTY SHERIFF'S DEPARTMENT and its responsible officers pursuant to

the Americans with Disabilities Act of 1990 § 202, 42 U.S.C.A. § 12132.

161.     At all times relevant hereto, MEDINA COUNTY and/or THE MEDINA COUNTY

SHERIFF'S DEPARTMENT did not have a formal policy regarding the provision of

reasonable accommodations during the arrest of mentally and/or emotionally disturbed

persons.

162.     At all times relevant hereto, COUNTY OF MEDINA and THE MEDINA

COUNTY SHERIFF'S DEPARTMENT were required by Title II of the Americans with

Discrimination Act, to provide JOETE PEROLI the reasonable accommodations of service in lieu of arrest.

163.    At all times relevant hereto, MEDINA COUNTY and THE MEDINA COUNTY SHERIFF'S DEPARTMENT were aware that JOETTE PEROLI suffered from a mental and / or emotional disability, to wit: PTSD.

164.    At all times relevant hereto, MEDINA COUNTY and THE MEDINA COUNTY SHERIFF'S DEPARTMENT were aware that service of process in lieu of arrest was authorized by the false arrest warrant procured by SGT. KIOUSIS.

165.    At all times relevant hereto, MEDINA COUNTY and THE MEDINA COUNTY SHERIFF'S DEPARTMENT were knew or should have known that Plaintiff's mental and / or emotional disability would be exacerbated by an arrest or detention in lieu of service of the unconstitutional complaint.

166.    At all times relevant hereto, the conduct of MEDINA COUNTY and THE MEDINA COUNTY SHERIFF'S DEPARTMENT was motivated by the citizen complaint filed by JOETTE PEROLI.

167.    The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that arrest in lieu of service would cause Plaintiffs to suffer greater harm and / or indignity.

168.    At all times relevant hereto, MEDINA COUNTY and THE MEDINA COUNTY SHERIFFS DEPARTMENT failed to provide any reasonable accommodation to JOETTE PEROLI during her unconstitutional arrest.

169.    COUNTY OF MEDINA and THE MEDINA COUNTY SHERIFF'S DEPARTMENT violated Title II of the Americans with Discrimination Act, when they

failed to provide JOETE PEROLI the reasonable authorized accommodation of service in lieu of arrest on August 17, 2017.

170.     The actions of the MEDINA COUNTY SHERIFF'S DEPARMENT and the action of its Defendant employees were not objectively reasonable, viewed in light of the facts and circumstances confronting them without regard to any underlying intent or motivation.

171.     The MEDINA COUNTY SHERIFF'S DEPARTMENT conduct in arresting JOETTE PEROLI without reasonable accommodation went well beyond what was necessary to secure both their own safety and the safety of the general public.

172.     The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that arrest in lieu of service would cause Plaintiffs to suffer greater harm or indignity.

173.     The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that their actions and conduct violated 42 U.S.C.A. §12132.

174.     The failure of THE MEDINA COUNTY SHERIFF'S DEPARTMENT and its responsible officers' failure to provide reasonable accommodations to JOETTE PEROLI during her arrest directly and proximately caused a chronic and severe exacerbation of JOETTE PEROLI'S PTSD and her mental and emotional disability.

175.     The MEDINA COUNTY SHERIFF DEPARTMENT knew, or should have known, that their failure to provide JOETTE PEROLI a reasonable accommodation during her arrest would subject her to suffer greater harm and indignity as a mentally and emotionally disabled person.

176.     The failure of the MEDINA COUNTY SHERIFF DEPARTMENT to provide JOETTE PEROLI a reasonable accommodation during her unconstitutional arrest violated 42 U.S.C.A. § 12132.

177.    JOETTE PEROLI'S mental and/or emotional disability, to wit: PTSD, was chronically aggravated by the failure to the MEDINA COUNTY SHERIFF DEPARTMENT'S failure to provide her a reasonable accommodation during her arrest.

178.    As a result of the failure to provide JOETTE PEROLI a reasonable accommodation, JOETTE PEROLI has been time barred from completing her legal studies and has suffered economic loss and emotional anguish resulting therefrom.

179.    As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI is still unable to leave her home by herself with any regularity.

180.    As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI continues to treat the chronic exacerbation of her PTSD caused by these Defendants with mental health professionals and other medical professionals.

181.    As a result of the unconstitutional conduct of these Defendants, JOETTE PEROLI has not been able to properly function academically, privately, or socially since she was arrested.

**FIFTH CAUSE OF ACTION**
**CONSPIRACY**
**ALL DEFENDANTS**

182.    JOETTE PEROLI re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-181.

183.    At all times relevant hereto, the Defendants acted intentionally and in concert to violate Plaintiff's rights under the constitution and laws of the United States and the State of Ohio as set forth herein.

184.     At all times relevant hereto, the Defendants plan and agreement to falsely arrest and prosecute JOETTE PEROLI violated the constitution and laws of the United States and the State of Ohio as herein set forth.

185.     The execution of Defendants plan and agreement to falsely arrest and prosecute JOETTE PEROLI caused substantial personal, emotional and economic injury to Plaintiffs as herein set forth.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**ALL DEFENDANTS**

186.     JOETTE PEROLI re-alleges and incorporates by reference herein the allegations contained in paragraphs 1- 185.

187.     The Defendants,  individually, jointly and severally by means of their failure to follow the binding precedent set forth in Akron v. Davenport, supra, and in failing to serve her process in lieu of arrest, which was deliberate, malicious, willful, wanton and intentional, intended to cause emotional distress and injury to JOETTE PEROLLI in retaliation for her civilian complaint.

188.     The actions of the Defendants, individually, jointly and severally, intentionally and/or negligently caused JOETTE PEROLI to suffer severe emotional harm by physically seizing and arresting her without probable cause, by failing to serve her process in lieu of arrest, all with actual knowledge of her mental and emotional disability.

189.     MEDINA COUNTY SHERIFF DEPUTIES NORRIS and TAYLOR, individually, jointly and severally, refusal to provide medical assistance as requested by JOETTE PEROLI at her home was intentional/negligent, outrageous, and done with the

intent to, and did in fact, cause severe emotional harm to JOETTE PEROLI against her will, all as a result of her filing a civilian complaint.

190.     MEDINA COUNTY SHERIFF DEPUTIES NORRIS and TAYLOR, individually jointly and severally, refusal to loosen JOETTE PEROLI'S handcuffs, as requested, was an intentional/negligent, outrageous, and done with the intent to, and did in fact, cause severe emotional harm to JOETTE PEROLI against her will, all as a result of her filing a civilian complaint.

191.     As a result of the intentional/negligent and outrageous conduct of these Defendants, JOETTE PEROLI has been time barred from completing her legal studies and she has thus suffered serious economic harm and mental anguish.

## SEVENTH CAUSE OF ACTION
## FALSE ARREST – ALL DEFENDANTS

192.     JOETTE PEROLI realleges and incorporates by reference herein the allegations contained in paragraphs 1- 191.

193.     The actions of Defendants and each of them, with malicious intent and without probable cause, falsely placed JOETTE PEROI under arrest and confined her on August 17, 2017 without probable cause in violation of the Constitutions and laws of the United States and the State of Ohio.

194.     Defendants falsely arrested JOETTE PEROLI against her will as a result of her civilian complaint.

195.     As a direct and proximate result of the outrageous, intentional and malicious conduct of these Defendants during in her false arrest, JOETTE PEROLI suffered, and continues to suffer from, mental, emotional, physical and economic harm.

## EIGHTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## ALL DEFENDANTS

196.     JOETTE PEROLI re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 – 195.

197.     Defendant's, individually, jointly and severally, maliciously prosecuted JOETTE PEROLI for filing a civilian complaint against a sheriff's deputy knowing she would likely suffer psychological, physical and economic harm.

198.     The Defendants, knew or should have known of the 9th District Court of Appeals decision in *City of Akron v. v. Robert Davenport, 2004-Ohio-435 C.A. No. 21552, 04-LW-0370 (9th), Court of Appeals of Ohio, Ninth District.*

199.     The Defendants authorized and initiated, in a malicious manner, the prosecution *JOETTE* PEROLI in retaliation for her filing of a citizen complaint with the Medina County Sheriff's Department.

200.     The criminal complaint and affidavit filed by Sgt. KIOUSIS was false.

201.     All Defendants herein actively participated in the false arrest and malicious prosecution of JOETTE PEROLI.

202.     The false allegation of criminal conduct contained in the criminal affidavit and complaint of Sgt. KIOUSIS and the conduct of all Defendants in securing the arrest warrant and in prosecuting JOETTE PEROLI resulted in the false arrest and malicious prosecution of Plaintiff.

203.     MEDINA COUNTY and the MEDINA COUNTY SHERIFF'S DEPARTMENT and its personnel encouraged, authorized, permitted and actively participated in the decision to and the false arrest and prosecution of JOETTE PEROLI.

204.    All criminal charges against JOETTE PEROLI authorized were dismissed by the Medina Municipal Court with prejudice on the grounds that JOETTE PEROLI'S conduct in filing a citizen complaint did not constitute criminal conduct under O.R.C. §2921.15.

205.    The Medina Municipal Court dismissed the criminal complaint and affidavit filed by Defendants for lack of probable cause.

206.    As a direct and proximate result of the conduct of the Defendants, JOETTE PEROLI suffered a chronic exacerbation of her PTSD and her physical, mental, emotional and economic well-being.

**NINTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**
**ALL DEFENDANTS**

207.    Plaintiff JUSTIN PEROLI realleges and incorporates by reference herein the allegations contained in paragraphs 1 - 206.

208.    As a direct and immediate consequence of the wrongful and unconstitutional actions of the Defendants herein, and each of them, Plaintiff JUSTIN PEROLI has suffered the loss of the society and services of his spouse, Plaintiff JOETTE PEROLI.


**WHEREFORE**, Plaintiffs pray this Court for a judgment:

A. That Defendants TOM MILLER, MATTHEW LINSCOTT, JAMES KIOUSIS, BENJAMIN TAYLOR, MICHAEL NORRIS and COUNTY OF MEDINA, OHIO, and each of them, be ordered to pay to Plaintiff JOETTE PEROLI and JUSTIN PEROLI, and each of them, compensatory damages in an amount to be determined by the jury;

B. That Defendant CITY OF MEDINA and GREGORY HUBER, and each of them, be ordered to pay Plaintiffs compensatory damages in an amount to be determined by a jury.

C. That Defendants COUNTY OF MEDINA and the MEDINA COUNTY SHERIFFS DEPARTMENT, and each of them, be ordered to pay to Plaintiff JOETTE PEROLI and JUSTIN PEROLI, and each of them, general damages in an amount to be determined by the jury;

D. That all Defendants, and each of them, be ordered to pay to Plaintiffs exemplary damages in an amount to be determined by the jury;

E. That Plaintiffs and each of them, recover from Defendants  and each of them, all costs of this action and reasonable attorneys' fees;

F. That Plaintiffs, and each of them, pre- and post-judgment interest at prevailing rates on all sums awarded;

G. That such other relief as may be just and proper be awarded by this Court.


JURY DEMAND


Plaintiff demands trial by jury on all claims triable by jury asserted herein.



Respectfully submitted,


s/Michael A. Dolan
Michael A. Dolan  (0051848)
The Dolan Law Firm, LLC
3890 Rocky River Drive, Ste. 1S
Cleveland, OH 44111
P. 216.780.3036
E. mdolan3@att.net

and

s/ William S. Smith

Willliam P. Smith (0084596)
William P. Smith Legal Services LLC
1863 Oakmount Road
Cleveland, Ohio 44121
P. 216-789-1978
E. AttorneyWilliamSmith@Yahoo.com

*Attorneys for Plaintiffs*