IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Joette Peroli,** *et al.*, | Case No.  1:19cv1755 |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **County of Medina, et al.,** | **MEMORANDUM OPINION AND** |
| **Defendants** | **ORDER** |

Currently pending is the Plaintiffs' Motion for Leave to File a Motion for Reconsideration of the Court's Decision dated May 12, 2020 Granting Absolute Immunity to Defendant Gregory Huber. (Doc. No. 58.)  For the following reasons, Plaintiffs' Motion is DENIED.

**I.     Background**

On August 2, 2019, Plaintiffs Joette and Justin Peroli filed a Complaint in this Court against the following Defendants:  (1) City of Medina Law Director Gregory Huber; (2) Medina County Sheriff Tom Miller; (3) Medina County Sheriff's Department Lieutenant Matthew Linscott; (4) Medina County Sheriff's Department Sergeant James Kiousis; (4) Medina County Sheriff's Department Deputies Benjamin Taylor and Michael Norris; (5) the County of Medina, Ohio; and (6) John/Jane Does 1-5. (Doc. No. 1.)  The Complaint alleged numerous federal and state law claims arising out of Plaintiff Joette Peroli's arrest on August 17, 2017.

Shortly thereafter, on August 8, 2019, Plaintiffs filed an Amended Complaint which added the following three Defendants: (1) the City of Medina, Ohio; (2) Medina County Sheriff's Department Captain Kenneth Baca; and (3) the Medina County Sheriff's Department. (Doc. No. 4.) The Amended Complaint asserts claims under 42 U.S.C. § 1983 for violation of Joette Peroli's First,

Fourth, and Fourteenth Amendment Rights, including claims for false arrest, excessive force, and retaliation. (Doc. No. 4, Counts I and II). In addition, Plaintiffs assert Monell claims against the City of Medina and Medina County Defendants for failure to train and/or develop policies, practices, and/or procedures, including claims relating to (1) filing charges for violations of Ohio Rev. Code § 2921.15; and (2) the arrest and detention of mentally and/or emotionally disturbed persons. (*Id*. at Counts III and IV.) Plaintiffs also assert a claim for violation of Title II of the Americans with Disabilities Act, 42 U.S.C.A. § 12132, as well as claims for conspiracy, false arrest, malicious prosecution, intentional/negligent infliction of emotional distress, and loss of consortium. (*Id*. at Counts V-X).

On September 4, 2019, Defendants City of Medina and Gregory Huber (hereinafter "the City of Medina Defendants") filed an Answer. (Doc. No. 10.) Shortly thereafter, Defendants County of Medina, the Medina County Sheriff's Department, and County Sheriff's Officers Baca, Kiousis, Linscott, Miller, Norris and Taylor (hereinafter "the Medina County Defendants") filed a joint Answer. (Doc. No. 11.)

On October 11, 2019, Defendants City of Medina and Huber filed a Motion for Judgment on the Pleadings, in which they argued (among other things) that all claims directed against Defendant Huber in his individual capacity should be dismissed on the basis of absolute prosecutorial immunity. (Doc. No. 14.) Plaintiffs filed a Brief in Opposition on October 25, 2019, to which the City and Huber replied on November 6, 2019. (Doc. Nos. 21, 22.)

On May 12, 2020, the Court issued a Memorandum Opinion & Order granting Defendants' Motion for Judgment on the Pleadings with respect to Plaintiffs' federal claims. (Doc. No. 52.) Of particular relevance, the Court determined that "the challenged actions of Defendant Huber were all

intimately associated with the judicial phase of Ms. Peroli's prosecution" and, therefore, Defendant Huber "is entitled to absolute immunity with respect to Plaintiffs' § 1983 individual capacity claims." (*Id.* at p. 25.) The Court also dismissed Plaintiffs' federal claims against the Defendant City of Medina. (*Id*. at p. 31.) However, because Defendants' Motion relied exclusively on federal law and failed to articulate any basis for dismissal of Plaintiffs' state law claims, the Court found that Defendants had "not properly moved for dismissal of Plaintiffs' state law claims and, thus, Plaintiffs' state law claims against Defendants City of Medina and Huber remain." (*Id*.)

The Court set a status conference for June 17, 2020. Shortly before the conference, Plaintiffs submitted a confidential Status Report in which they requested reconsideration of the Court's decision granting Defendant Huber absolute prosecutorial immunity, citing the Sixth Circuit's decisions in *Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999) and *Harris v. Bornhorst*, 513 F.3d 503 (6th Cir. 2008). As discussed in more detail *infra*, neither of these cases (or the theories on which they rest) had been discussed or analyzed by Plaintiffs in opposing Defendants' Motion for Judgment on the Pleadings.

During the status conference, the Court granted Plaintiffs leave to file a motion for leave to file a motion for reconsideration of the Court's May 12, 2020 opinion. (Doc. No. 57.) Plaintiffs filed their Motion for Leave on June 26, 2020. (Doc. No. 58.) Defendants City of Medina and Huber filed a Brief in Opposition on July 6, 2020, to which Plaintiffs responded on July 13, 2020. (Doc. Nos. 59, 60.)

II.     **Standard of Review**

3

Federal Rule of Civil Procedure 54(b)[1] provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Interpreting this Rule, the Sixth Circuit has held that "district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir.2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991)). "This authority allows district courts 'to afford such relief … as justice requires.'" *Id.* (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C.1994) (alteration in original)).  As the Sixth Circuit has explained, "[t]his standard obviously vests significant discretion in district courts." *Id.* at 959, fn. 7.  *See also Allied Erecting and Dismantling Co., Inc. v. United States Steel Corp.*, 76 F.Supp.3d 691, 692 (N.D. Ohio 2015).

Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 Fed. Appx. at 959.  *See also McCormack v. City of Westland, MI.,* 2019 WL 4757905 at * 2 (6th Cir. April 15, 2019), *Allied Erecting and Dismantling Co., Inc.*, 76 F.Supp.3d at 692.  A motion for reconsideration is not available, however, to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Ruhl v. State of Ohio*,

---

[1] Motions for reconsideration can be filed at several different procedural junctures, and their timeliness must be judged in light of that procedural posture. Here, there has been no final judgment, even with respect to the issues already resolved. Therefore, Plaintiffs are correct (and Defendants do not contest) that the 28–day time limit in Fed. R. Civ. P. 59(e) does not apply.  Any decision in the case to date is interlocutory in nature and can be revisited at any time prior to final judgment. *See Allied Erecting and Dismantling Co., Inc. v. United States Steel Corp.*, 76 F.Supp.3d 691, fn 3 (N.D. Ohio 2015).

4

2016 WL 5869828 at * 3 (N.D. Ohio Oct. 7, 2016). Likewise, motions for reconsideration are not substitutes for appeals. *Id. See also Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 2011 WL 13076887 at *2 (N.D. Ohio Jan. 13, 2011). Rather, motions to reconsider are "'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)). *See also Ruhl*, 2016 WL 5869828 at * 3.

**III. Analysis**

In their Motion for Leave, Plaintiffs acknowledge that neither *Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999) or *Harris v. Bornhorst*, 513 F.3d 503 (6th Cir. 2008) "were previously analyzed, argued, or discussed by the parties or the Court."[2] (Doc. No. 58 at p. 6.) Nonetheless, Plaintiffs assert that both decisions are "directly relevant to the present action and should be briefed and argued by the parties." (*Id*.) They maintain that "Plaintiffs do not seek to add new arguments or submit new evidence; they seek to identify and implement the analysis set forth in both cases so that greater clarity and precision can be realized in this case." (*Id*.) Plaintiffs argue that justice will be served by "the creation of a more thorough and robust record to aid the Court's decision-making process." (*Id.* at p. 7.)

The City of Medina Defendants oppose the motion, arguing that "the plaintiffs are essentially asking the court for a second opportunity to brief their position on prosecutorial immunity because they are dissatisfied with this Court's ruling." (Doc. No. 59 at p. 1.) Defendants note that *Prince* and

---

[2] Indeed, Plaintiffs acknowledge that they first discovered *Prince* (which was decided in 1999) when conducting research about whether the Court's May 12, 2020 decision was subject to interlocutory appeal. (*Id*.)

5

*Harris* were decided over a decade ago and that neither case was discussed or analyzed by Plaintiffs in connection with Defendants' Motion for Judgment on the Pleadings. (*Id*. at p. 4-5.) Under these circumstances, Defendants maintain that it would not be appropriate to allow Plaintiffs the opportunity to relitigate the issue of absolute immunity. (*Id*.) Lastly, Defendants argue that Plaintiffs "have not demonstrated extraordinary circumstances which would justify reopening briefing and disrupting the necessary doctrines of finality and repose." (*Id*. at p. 6.)

In response, Plaintiffs argue that the Court "should take a second look at its decision because it erred in failing to address or distinguish" the specific issues addressed in *Prince* and *Harris*; i.e., "the lack of probable cause and/or communication by a prosecutor prior to the initiation of criminal process by a third party with independent authority to initiate misdemeanor prosecution." (Doc. No. 60 at p. 3.) Although acknowledging that they did not address this issue in their briefing, Plaintiffs argue the Court should nevertheless consider it because no prejudice will result and "the interests of justice will be properly served and a more complete and thorough record will result." (*Id*.)

For the following reasons, Plaintiffs' Motion for Leave is denied. As set forth above, courts have found reconsideration warranted when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 Fed. Appx. at 959. Here, Plaintiffs acknowledge that there has not been an intervening change of controlling law. Indeed, both *Prince* and *Harris* were decided over a decade ago. Plaintiffs simply failed to address these cases (or the specific legal theory on which they are based) when

6

responding to Defendants' Motion for Judgment on the Pleadings.[3]  Plaintiffs also acknowledge that there is no "new evidence" warranting reconsideration.

Instead, Plaintiffs assert that the Court should grant leave to seek reconsideration in order to correct a "clear error or prevent manifest injustice."  The Court declines to do so for two reasons.  First, Plaintiffs have offered no justification for their failure to fully and thoroughly brief this issue in connection with Defendants' Motion for Judgment on the Pleadings.  Plaintiffs are represented by experienced counsel and had every opportunity to raise and address the Sixth Circuit's analysis in *Prince* and *Harris* in their Brief in Opposition to Defendants' Motion.[4]  Plaintiffs failed to do so.  While the Court's May 12, 2020 decision is interlocutory, interests of finality and repose nonetheless weigh heavily against allowing Plaintiffs a second chance to reargue issues that could (and should) have been raised initially. Indeed, allowing leave to seek reconsideration under the circumstances presented would not only be a misuse of judicial resources, it would be unfair to require Defendants to incur the time and expense of re-briefing issues that have already been decided.  This is particularly the case here, where Plaintiffs simply fail to offer any meaningful explanation for their failure to fully brief this issue when it was timely presented to the Court in Defendants' Motion for Judgment on the Pleadings.

Second, the Court finds that it would be futile to grant Plaintiffs leave to file a motion for reconsideration because they have failed to demonstrate either a "clear error" or "manifest injustice."

---

[3] The Sixth Circuit's decision in *Prince* is not cited at any point in Plaintiffs' Brief in Opposition to Defendants' Motion for Judgment on the Pleadings.  (Doc. No. 21.)  *Harris* is cited in a string cite for the general proposition that "the analytical key to prosecutorial immunity, therefore, is advocacy." (*Id*. at p. 7.)  It is not, however, cited for the specific legal theory articulated in Plaintiffs' Motion for Leave.  (*Id.*)

[4] The Court also notes that Plaintiffs could have, but did not, seek leave to file supplemental briefing regarding *Prince* and *Harris* at any point between the filing of Defendants' Motion for Judgment on the Pleadings in October 2019 and the Court's May 2020 decision granting Defendants' Motion.

7

Both *Prince* and *Harris* are factually distinguishable from the instant case. In *Prince*, plaintiff alleged that the prosecutor, Hicks, had developed a personal animosity towards her because of plaintiff's previous public criticism of Hicks and support for an opposing candidate for the position of district attorney general. *Prince*, 198 F.3d at 610. Plaintiff further alleged that, as a result of this animosity, Hicks personally investigated a complaint against plaintiff, gave legal advice to the police during the investigation, and manipulated a local judge to approve an arrest warrant, all before there was probable cause to believe plaintiff had committed an offense. *Id*. at 612-615.

Here, there is no allegation that Huber participated in the investigation of Mrs. Peroli, much less any allegation that any animosity towards Mrs. Peroli played any role in the limited advice (as distinguished from instruction) Huber gave. Moreover, Plaintiffs repeatedly insisted in their Brief in Opposition to Defendants' Motion for Judgment on the Pleadings that Huber did **not** give legal advice to the County with respect to Mrs. Peroli.[5] (Doc. No. 21 at p. 4.) Indeed, while the prosecutor in *Prince* was alleged to have worked hand-in-hand with and provided legal advice to the police officers in the preliminary investigation leading up to the plaintiff's arrest, Plaintiffs herein make no similar allegation. Rather, Plaintiffs in the instant case allege that the County officers simply presented the completed file to Defendant Huber for a determination of whether they were authorized to file charges. Plaintiffs do not allege that Defendant Huber was involved in, or directed, the officers'

---

[5] Although the Amended Complaint states that Huber gave legal advice to the County (Doc. No. 4 at ¶¶ 64, 65), Plaintiffs asserted the exact opposite in their Brief in Opposition. Specifically, in their Brief, Plaintiffs stated as follows: "These are some of the facts and reasonable inferences drawn from the Amended Complaint and pleadings that defeat Defendants' Motion: *** 19. Huber's memo to the MCSD 'authorizing' a charge under O.R.C. § 2921.15 was not legal advice. 20. Huber did not provide legal advice to Defendant Kiousis regarding the criminal affidavit or complaint filed by Kiousis." (Doc. No. 21 at p. 4.)

8

preliminary investigation of the case against Ms. Peroli. Thus, *Prince* is distinguishable and does not support Plaintiffs' request for leave to file a motion for reconsideration.

*Harris* is also factually distinguishable. In *Harris,* the plaintiff was a twelve-year old child who was suspected of murdering another child in his neighborhood. *Harris,* 513 F.3d at 507-508. Police officers brought plaintiff to the station and interrogated him, after having falsely assured plaintiff's mother that they were only going to perform a voice stress analysis. *Id*. Under the officer's "persistent questioning," plaintiff confessed to the murder. *Id*. When asked to provide a written statement, plaintiff asked to speak with his mother and then immediately recanted his confession. *Id*. The officer then called the prosecutor, Spies, who instructed him to arrest plaintiff. *Id*. Plaintiff was subsequently tried and convicted for murder, but his conviction was overturned on appeal. *Id.* at 508. The Sixth Circuit found that Spies was not entitled to absolute prosecutorial immunity because she "went beyond merely advising the police; she instructed them to arrest Harris, without soliciting any officer's opinion." *Id.* at 510-511.

Here, Plaintiffs do not allege that Huber instructed the police to arrest Mrs. Peroli or otherwise directed them to file a criminal complaint against her. Rather, Plaintiffs allege that Huber "advised Sergeant Kiousis that he was authorized to file a criminal complaint and affidavit under Ohio Rev. Code § 2921.15(B) against Joette Peroli as a result of his review of the incident report and citizen complaint." (Doc. No. 4 at ¶ 58.) Thus, the instant case is distinguishable from *Harris* as well.

Accordingly, Plaintiffs have failed to demonstrate any basis for obtaining leave to file a Motion for Reconsideration of this Court's May 12, 2020 opinion. Plaintiffs' Motion for Leave (Doc. No. 58) is, therefore, denied.

### IV. Conclusion

For all the reasons set forth above, Plaintiffs' "Motion for Leave to File a Motion for Reconsideration of the Court's Decision dated May 12, 2020 Granting Absolute Immunity to Defendant Gregory Huber" (Doc. No. 58) is DENIED.

**IT IS SO ORDERED.**

                                           *s/Pamela A. Barker*
                                           PAMELA A. BARKER
Date: July 29, 2020                         U. S. DISTRICT JUDGE