UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOETTE PEROLI, *et al.*, | ) | Case No. 1:19-cv-1755 |
| Plaintiffs, | )<br>) | Judge J. Philip Calabrese |
| v. | )<br>) | Magistrate Judge David A. Ruiz |
| GREGORY HUBER, *et al.*, | )<br>) | |
| Defendants. | )<br>) | |

**OPINION AND ORDER**

Defendants Tom Miller (the Medina County Sheriff); Lt. Matthew Linscott, Sgt. James Kiousis, Deputy Benjamin Taylor, Deputy Michael Norris—each of the Medina County Sheriff's Department; and the County of Medina seek leave to file an amended answer. (ECF No. 98.) They do so because in the course of briefing on their motion for summary judgment, Plaintiffs Joette and Justin Peroli seized on an admission in their answer. Specifically, Paragraph 84 of the amended complaint alleges that "DEPUTY BENJAMIN TAYLOR and DEPUTY MICHAEL NORRIS, arrested Plaintiff in her home in retaliation for her filing a civilian complaint." (ECF No. 4, ¶ 84, PageID #111.) In their answer, the County Defendants admitted the allegations of this paragraph. (ECF No. 11, ¶ 48, PageID #179.) On this issue, the County Defendants seek to correct their "mistaken admission." (ECF No. 98, PageID #2026.) Additionally, the County Defendants seek to assert an advice of counsel defense. (*Id.*)  Plaintiffs oppose each proffered amendment.

1

The Court denies the motion of the County Defendants. First, contrary to their argument, the liberal amendment policy of Rule 15(a)(2) no longer applies. The Court long ago set a deadline for amendment of the pleadings. (*See* ECF No. 19.) After the deadline for amendment, Rule 16(b) requires good cause to amend. *See* Fed. R. Civ. P. 16(b); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (requiring good cause for amendment after a deadline in a scheduling order).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet" the scheduling order's requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted). Here, the record reflects a lack of diligence on the part of the County Defendants, who did not seek to amend until the parties nearly completed briefing on summary judgment.

Additionally, courts consider possible prejudice to the party opposing amendment. *Garza*, 972 F.3d at 879 (quotations omitted). After the parties engaged in extensive discovery, the Court finds that the amendments the County Defendants seek would prejudice the parties. Plaintiffs conducted discovery based on the pleadings as they stood, and summary judgment has now been briefed and pending for more than three months. In short, the County Defendants had their opportunity to develop their record, and the Court discerns no good cause at this late date to alter the field of play.

**SO ORDERED.**

2

Dated: January 26, 2021

                                                 J. Philip Calabrese
                                                 United States District Judge
                                                 Northern District of Ohio